■ In the Matter of ERNEST BROWN, Appellant, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR to compel respondent Lavine to assign counsel to petitioner, without cost to petitioner, upon a statutory fair hearing with respect to a proposed discontinuance or suspension of public assistance to petitioner, the appeal is from a judgment of the Supreme Court, Queens County, dated July 5, 1973, which denied the application. Judgment affirmed, without costs. No opinion. Latham, Cohalan, Brennan and Munder, JJ., concur; Hopkins, Acting P. J., dissents and votes to reverse and to grant the petition, with the following memorandum: The question before us is whether a welfare recipient should be furnished counsel at a hearing on the issue of whether his benefits should be terminated on the ground that he had concealed material facts from the Department of Social Services of the City of New York. Special Term found that he did not have a right to assigned counsel. I am in disagreement. When the grounds for termination may result in criminal culpability, the welfare recipient is entitled to be furnished counsel at the hearing. Petitioner received a notice from the above-mentioned city agency that it intended to discontinue the public assistance theretofore granted to him. The notice stated that the reason for the discontinuance was: " Eligibility apparently established, subsequently disproved ". The notice informed petitioner that he was entitled to a fair hearing, at which he or his " attorney or other representative" will have an opportunity to present evidence and to question any persons appearing against him. Petitioner requested a fair hearing. At the hearing petitioner was handed an abstract of claims of improper conduct, which were, among others, that he had given a fictitious name as his landlord, had concealed employment with his landlord by whom he had been paid $40 weekly, and had rented an entire building and then sublet an apartment, although the city agency understood that he merely had rented an apartment in the building. The hearing examiner at that time told petitioner that the abstract contained serious allegations which, if proved, might constitute

fraud, and adjourned the hearing so that petitioner could obtain counsel. Petitioner applied to the Queens Legal Services Corporation for legal assistance. He was informed that due to the existing case load no one was available to represent him; he was, however, advised to request the assignment of counsel at the adjourned hearing. This he did. The hearing examiner then informed him that the Department of Social Services of the State of New York did not appoint attorneys to represent recipients, and adjourned the hearing a second time so that petitioner might obtain counsel. Petitioner thereafter instituted this article 78 proceeding, wherein he seeks a judgment directing respondent Lavine to assign him counsel at the hearing. In his petition he asserts that he cannot adequately represent himself, and that he may " commit serious errors of law or procedure having consequences beyond the immediate scope of the 'fair hearing.' " Special Term dismissed the petition, holding that Federal regulations do not require assignment of counsel at fair hearings and that due process did not compel that petitioner be furnished counsel. Petitioner appealed. If petitioner's request for counsel is wholly based on statute, it must fail. Section 131-c of the Social Services Law provides that at a fair hearing the State agency shall, upon request of the recipient for legal services, "make provision for payment for such legal services if required by federal law or regulations." No Federal statute makes mandatory either the assignment of counsel or the payment of the fees of counsel retained by the recipient. The controlling Federal regulation states merely that a recipient may be represented at a fair hearing (Code of Fed. Reg., tit. 45, § 205.10).* Hence, the question is reduced to whether the demands of due process direct the State to supply legal counsel at a fair hearing. First, it must be remarked that the recipient was entitled to be represented by counsel at the hearing. So the notice of termination served on the recipient informed him and so the Supreme Court has held (*Goldberg* v. *Kelly*, 397 U. S. 254, 270). Second, as *Goldberg* recognized, to an individual in the position of petitioner, the loss of welfare assistance strikes at his very existence; without these benefits the recipient may literally be unable to survive. " Since he lacks independent resources, his situation becomes immediately desperate " (*Goldberg* v. *Kelly, supra,* p. 264). Third, under the circumstances of this case, petitioner runs the peril of criminal prosecution for the very same acts which form the reasons alleged by the city agency to justify the termination of welfare assistance. Section 145 of the Social Services Law establishes criminal penalties for fraud arising out of the granting of welfare benefits; the local welfare agency is charged by State regulations to refer all cases of fraud to the District Attorney (18 NYCRR 348.2). Hence, petitioner may at the hearing, where he is called on to refute the claims for termination of benefits, make statements which may be later used against him in a criminal prosecution. Indeed, his dilemma, measured in terms of a choice between a defense in the hearing and a criminal sentence, is nearly insoluble. His predicament, at the least, underlines the need for counsel. The State, on the one hand, is equipped with the full resources of investigation and counsel, if necessary, and, on the other, petitioner is without either advice or representation. It need hardly be added that the aid of

---

* At one time (Code of Fed. Reg., tit. 45, § 205.10, subd. [b], par. [4]) made Federal matching funds available to the States for providing legal counsel at hearings; however, this regulation was repealed (Code of Fed. Reg., tit. 45, § 205.10, eff. Oct. 15, 1973). The repealed regulation was supplementary to another regulation, also repealed, which imposed the obligation on the States to provide legal counsel (Code of Fed. Reg., tit. 45, § 220.25).

counsel to petitioner would rectify the balance to some extent. Last, obviously his indigency — which for the purposes here must be presumed — precludes the retention of private counsel. It is manifestly self-contradictory, too, for the State to proffer a right of counsel to a welfare recipient when at the same time the poverty of the recipient renders that right hollow. But we should not draw the inference that the State intended a result so lacking in sincerity, when there is at hand the means whereby the right can be made meaningful. These considerations are the foundation for the right to the assignment of counsel. Due process includes the assistance of counsel in an administrative proceeding whenever the agency exercises an adjudicatory power in a hearing concerning a fundamental right of the individual (*Hannah* v. *Larche*, 363 U. S. 420; *Morgan* v. *United States*, 304 U. S. 1; *Caulder* v. *Durham Housing Auth.*, 433 F. 2d 998; *Matter of Williams* v. *White Plains Housing Auth.*, 35 A D 2d 965). Here all of those factors are present. The State agency is vested with the power to decide whether termination of welfare benefits shall be made; a hearing is mandated by law; and a fundamental right is involved. It is likewise true that the requirements of equal protection conjoin with due process to command the assignment of counsel to the indigent when under the same circumstances the more fortunate individual may be represented by private counsel (e.g., *Matter of Ella B.*, 30 N Y 2d 352, 357; *People ex rel. Menechino* v. *Warden, Green Haven State Prison*, 27 N Y 2d 376; *People ex rel. Rogers* v. *Stanley*, 17 N Y 2d 256). The circumstances present here comprise the significant fact that, though the proceeding is administrative in character, petitioner may be faced with criminal sanctions growing out of the proceeding, as was the fact in *Matter of Ella B.* (30 N Y 2d 352, 356, *supra*; cf. *Jennings* v. *Jennings*, 42 A D 2d 568; *Matter of Amicucci* v. *Moore*, 42 A D 2d 701; *People ex rel. Amendola* v. *Jackson*, 74 Misc 2d 797). The State agency argues that without legislative endorsement petitioner cannot be furnished counsel. There was, however, no legislative machinery for the assignment of counsel to persons confronted with parole revocation in an administrative proceeding and yet counsel was directed to be supplied (*People ex rel. Rogers* v. *Stanley*, 17 N Y 2d 256, *supra*). Once a constitutional right exists, no legislative approval is needed to make it effective; nor may the lack of legislative approval negate it. There is implicit in this argument the allusion that funds for the payment of legal fees will be required if the right to the assignment of counsel is recognized. Similarly, that argument arose in every case in which the right to counsel for the indigent was first declared (e.g., *Gideon* v. *Wainright*, 372 U. S. 335; *Argersinger* v. *Hamlin*, 407 U. S. 25; *Matter of Rodriguez*, 30 N Y 2d 768). The financial aspect of the right is of course a matter of consequence to the State, but it is not the controlling point. Moreover, it must be observed that it is not in every pretermination hearing that the recipient is entitled to the assignment of counsel, but only in those hearings where acts or concealment of acts are alleged which would be the basis of a criminal prosecution against the recipient.